**POWERHOUSE LEGAL, P.C.**
MARC Y. LAZO, SBN: 215998
ALEXANDER A. POWERS, SBN: 350967
21163 Newport Coast Dr. #245
Newport Beach, CA 92657
Phone No.: (949) 791-4050
Fax No.: (949) 791-4224
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BARCLAYS PLC, a public limited company; JAMES E. STALEY, an individual; and DOES 1-10 inclusive,<br><br>Defendants. | CASE No.: 8:26-cv-01377-WLH-(ASx)<br><br>Judge: Hon. Wesley L. Hsu<br><br>**OPPOSITION TO DEFENDANT BARCLAYS PLC'S MOTION FOR EXTENSION OF TIME**<br><br>**[Evidentiary Objections to Declaration of Christopher Duffy; Declarations of Marc Lazo and Alexander Powers submitted concurrently herewith]**<br><br>Date: September 11, 2026<br>Time: 1:30 p.m.<br>Courtroom: 9B |

Plaintiff Jane Doe hereby opposes ("Opposition") the Motion for Extension of Time filed by Defendants Barclays PLC ("Defendant" or "Barclays"), currently set to be heard on September 11, 2026 (Dkt. 12 ["Motion"]).

## MEMORANDUM OF POINTS AND AUTHORITIES

The Motion itself demonstrates why it should be denied. Fundamentally, Barclays maintains that it has not been served with process, and as a result, no deadline to respond currently exists. Yet, Barclays simultaneously invokes Federal Rule of Civil Procedure 6(b)(1)(A)—a rule that exists solely to extend a deadline that is already running—to ask this Court to establish a deadline where, by Barclays' own account, none exists. (*See Tindall v. First Solar Inc.* (9th Cir. 2018) 892 F.3d 1043, 1048.) Barclays cannot have it both ways:

1) If no deadline currently exists, Rule 6(b) supplies no basis for relief, and the Motion is at best premature.
2) If a deadline does exist because Barclays has in fact been properly served, that question should be resolved on a complete record, not on the truncated, one-sided presentation Barclays offers in the Motion.

What Barclays actually seeks is not additional time, but an unsubstantiated, advance determination that any service to date has been insufficient, before Plaintiff has had a fair opportunity to establish that service was proper, and without Barclays filing a Rule 12 motion, which would be the correct procedural vehicle for the relief it seeks. The Court should decline the invitation to grant this improperly requested relief and summarily deny the Motion, as further set forth below.

//

//

//

## I. BACKGROUND FACTS

This action was filed against defendants Barclays and its former CEO James E. Staley ("Staley"). Barclays specially appeared on July 29, 2026, and through the declaration of New York/Texas attorney Christopher Duffy ("Duffy Declaration"), represents that counsel for the parties properly conferred pursuant to Local Rule 7-3 on July 20 and July 29, 2026. (Dkt. 12-1, ¶¶ 7-13 and 15-16.)

While Barclays represents that it has not "received confirmation" that it has been properly served, it emphasizes that service abroad must comply with the Hague Service Convention, and suggests that while Plaintiff has not demonstrated compliance, Barclays is somehow entitled to an extension of time up to and including September 28, 2026, to respond to the Complaint. (Motion at 1:7-9 and 2:12-14.)

As set forth below, not only is the Motion procedurally flawed; it is entirely based on the Duffy Declaration. Christopher Duffy is neither admitted as an attorney in this state or this district, and his belatedly filed *Pro Hac Vice* Application had not been granted at the time the Motion was filed. (Dkt. 16.) This fact is particularly important because the Duffy Declaration contains inaccuracies, such as the representation that during a telephone conference, Plaintiff's counsel agreed to provide Duffy with "proof of their request to the Senior Master of the High Court." (Dkt. 12-1, ¶¶ 8-9.) At no point did Plaintiff's counsel agree to do so. (Declaration of Marc Lazo ["Lazo Decl."], ¶ 2; Declaration of Alexander Powers ["Powers Decl."], ¶ 2.)

For the reasons set forth below, the Motion should be summarily denied.

//

//

//

## II. LEGAL ARGUMENT

### A. Rule 6(b) Does Not Authorize the Relief Barclays Seeks

Rule 6(b)(1)(A) permits a court, "for good cause," to extend the time by which an act must be done "if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). By its terms, the rule presupposes that a time period is already running and set to expire. (*See*, *e.g*., *Tindall v. First Solar Inc.* (9th Cir. 2018) 892 F.3d 1043, 1048 [recognizing that Rule 6(b) provides that a district court may extend a deadline already in place "for good cause."].) As such, Barclays' own position—that "no deadline currently exists"—defeats the entire statutory basis for the Motion. (Motion at 1:21-22.) A request to establish a "presumptive deadline" where the movant maintains none exists cannot result in an extension of anything; it is a request that the Court contrive a deadline of Barclays' own arbitrary choosing, while Barclays refuses to make any concessions regarding effective service. (Motion at 1:25-26.) This is not the purpose or function of Rule 6(b).

Assuming—*arguendo*—that Barclays' contention that it has not yet been properly served is correct, the appropriate course of action for its requested relief is to await move under Rule 12(b)(5) if it contends service was deficient. Nothing about that ordinary process requires—or permits—an anticipatory extension of a deadline that allegedly has not begun to run.

### B. The Motion Improperly Seeks an Advance Ruling on the Sufficiency of Service

Federal Rule of Civil Procedure 12(b) preserves a defendant's ability to challenge service of process in a responsive pleading or Rule 12 motion, so long as the defense is timely and properly raised. *See* Fed. R. Civ. P. 12(b)(4) – (5), 12(h). Barclays does not need this Court's advance permission to invoke this right, and

the unnecessary Motion wastes this Court's precious time and resources, as well as those of Plaintiff.

Because the order Barclays requests would confer no right Barclays does not already have, the only practical reason for its filing of the Motion is to attempt to place a one-sided narrative into the record—that service "has not been properly effected"—without the requisite evidentiary showing that would properly accompany a Rule 12(b)(5) motion. (Motion at 1:21-27.) Again, this Court should not accept Barclays' invitation to resolve the propriety of service in Barclays' favor, particularly by reason of a procedurally flawed motion that is based upon a truncated, one-sided record.

### C. Barclays Has Not Shown Good Cause for any Extension, and Co-Defendant Staley's Service Status is Irrelevant to Barclays' Own Deadline

Barclays attempts to partially justify its 60-day request by alleging that co-defendant Staley, an individual, has allegedly not yet been served. (Motion at 2:3-7.) Such a contention only serves to further demonstrate the frivolousness of the Motion. Each defendant's obligations under the Federal Rules run independently. (*See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* (1999) 526 U.S. 344, 354.) Defendant Staley's service status has no bearing on the time by which Barclays—a separately represented corporate defendant—must respond, and such cannot serve as "good cause" for extending Barclays' deadline.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Motion be summarily denied.

Dated: August 21, 2026

POWERHOUSE LEGAL, P.C.



Marc Lazo
Alexander Powers
Attorneys for Plaintiff