ARWEN R. JOHNSON (SBN 247583)
*arwen.johnson@kslaw.com*
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Telephone: (213) 443-4355

CHRISTOPHER E. DUFFY (admitted *pro hac vice*)
*cduffy@kslaw.com*
**KING & SPALDING LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 556-2100

Attorneys for Defendant
BARCLAYS PLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JANE DOE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

BARCLAYS PLC, a public limited company; JAMES E. STALEY, an individual; and DOES 1-10 inclusive,

Defendants.

Case No. 8:26-cv-01377-WLH-(ASx)
*Hon. Wesley L. Hsu, Courtroom 9B*

**DEFENDANT BARCLAYS PLC'S *EX PARTE* APPLICATION TO BIFURCATE BRIEFING ON FORTHCOMING MOTION TO DISMISS**

Action Filed: May 28, 2026
Trial Date: None Set

**TO THE COURT, PLAINTIFF, AND HER ATTORNEYS:**

**PLEASE TAKE NOTICE** that Defendant Barclays PLC ("Barclays") hereby applies *ex parte* to District Judge Hsu for an order permitting bifurcation of briefing of Barclays' anticipated motion to dismiss the complaint. In the alternative, if the Court determines that briefing should not be bifurcated in the manner proposed, Barclays respectfully requests leave under Section G(4) of Judge Hsu's Standing Order for Newly Assigned Civil Cases for an enlargement of up to 9,000 words on its opening brief on all arguments brought pursuant to Rule 12(b), with Barclays' *forum non conveniens* arguments being briefed in a separate simultaneous motion. Barclays consents to a corresponding enlargement for Plaintiff's opposition to Barclays' Rule 12(b) motion.

**Urgency:** This order is sought by means of an *ex parte* application because a regularly noticed motion could not be litigated and decided before the relevant possible deadlines. If the motion were noticed in accordance with Local Rules 6-1 and 7-3, and Section G of Judge Hsu's Standing Order for Newly Assigned Civil Cases, it could not be heard before September 28, 2026, which is the deadline to respond to the complaint that Barclays requested in its pending first motion for extension of time. Dkt. 12. Had the parties met and conferred when Barclays requested, the motion could have been heard in advance of Barclays' potential deadline to respond to the complaint. Declaration of Christopher E. Duffy ("Duffy Decl.") ¶¶ 4, 26.

**Notice:** The parties have met and conferred about the relief sought in this *ex parte* application, including via multiple emails between August 13 and August 28, 2026, and during videoconferences on August 24 and August 28, 2026. Duffy Decl. ¶¶ 4–24, Exs. A, B, C.

On the August 24 videoconference, counsel for Barclays presented a proposal to bifurcate briefing on its anticipated motion to dismiss. Duffy Decl. ¶ 8. In response, Plaintiff's counsel asked a series of questions regarding the factual bases for

Barclays' anticipated arguments on service, personal jurisdiction, forum non conveniens, and failure-to-state-a-claim, claiming that he could not consider the request for bifurcation without understanding the underlying bases for dismissal. Duffy Decl. ¶ 10. After over 70 minutes of discussion, during which counsel for Barclays explained the reasons for dismissal due to lack of service, lack of personal jurisdiction, and forum non conveniens, Plaintiff was not willing to agree or oppose Barclays' request to bifurcate the briefing of Barclays' anticipated motion to dismiss. Duffy Decl. ¶¶ 7–12. Following the August 24 videoconference, Barclays sent Plaintiff authority supporting its position on bifurcation. Duffy Decl. ¶ 13; Ex. A at 3.

During the August 28 videoconference—which lasted approximately 50 minutes—counsel for Barclays offered to explain the bases for Barclays' anticipated Rule 12(b)(6) arguments, but Plaintiff's counsel stated that he believed the purpose of the call was to discuss bifurcation. Duffy Decl. ¶¶ 19, 23. Counsel for Barclays explained that the authority previously provided addresses the court's discretion to consider multiple rounds of briefing on Rule 12 motions, but Plaintiff's counsel disagreed with that interpretation. Duffy Decl. ¶¶ 20–21. Plaintiff's counsel repeatedly declined to state whether Plaintiff would consent to or oppose Barclays' bifurcation proposal, stating that he could not consent or decline to consent to something he did not understand. Duffy Decl. ¶ 21. Counsel for Barclays also offered to explain the bases for Barclays' anticipated arguments in favor of dismissal under Rule 12(b)(6), and began to do so, but was unable to do so in the available time because Plaintiff's counsel repeatedly attempted to debate the merits of those arguments, instead of considering the bifurcation request that was the designated topic of the meet-and-confer. Duffy Decl. ¶ 22.

Plaintiff's counsel has refused to take a position on whether he opposes the relief requested in the instant motion. When Barclays' counsel informed Plaintiff's counsel that Barclays would note to the Court that Plaintiff does not consent to the

requested relief, Plaintiff's counsel stated that he has not declined to consent, purportedly because Plaintiff's counsel does not understand the nature of the relief being requested. However, there has been no consent given by Plaintiff at this point in time, after Plaintiffs' counsel has had notice of the proposal for 15 days, after two meet and confer videoconferences lasting a combined total of over 120 minutes, and after several email exchanges. Duffy Decl. ¶¶ 4–23.

Any party that wishes to oppose this *ex parte* application should take notice that, under the Court's standing order, opposing papers must be e-filed within 48 hours of service of this Notice. The name and contact information for Plaintiff's counsel is as follows:

Marc Y. Lazo
Alexander A. Powers
Powerhouse Legal PC
21163 Newport Coast Dr., Suite 245
Newport Beach, CA 92612
Tel: (949) 791-4050
Fax: (949) 791-4021
mlazo@phlegal.us.com
team@phlegal.us.com

Dated: August 28, 2026

**KING & SPALDING LLP**

By: */s/ Arwen R. Johnson*
ARWEN R. JOHNSON

Christopher E. Duffy (admitted *pro hac vice*)
*cduffy@kslaw.com*
**KING & SPALDING LLP**
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 556-2100

Attorneys for Defendant
BARCLAYS PLC

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Barclays PLC ("Barclays") hereby respectfully requests that the Court enter an Order bifurcating briefing on Barclays' anticipated motion to dismiss the Complaint under Rule 12(b) of the Federal Rules of Civil Procedure, and in the alternative, pursuant to the doctrine of *forum non conveniens*. Specifically, Barclays requests permission to file an initial brief of its arguments regarding personal jurisdiction, service of process, and *forum non conveniens*; with a reservation of Barclays' ability to raise its additional arguments for dismissal pursuant to Rule 12(b)(6) at a later time—which would be necessary only if the Court finds that service of process was effectuated properly, that personal jurisdiction exists over Barclays, and that this Court is the appropriate forum. This procedure will save the Court and the parties from litigating numerous Rule 12(b)(6) issues unless necessary, given that the threshold jurisdictional and other procedural issues may dispose of this action in full.

## I. INTRODUCTION

Plaintiff Jane Doe, a purported California resident proceeding individually and putatively on behalf of a class, alleges that Barclays and James E. Staley, Barclays' former CEO, provided banking relationships, accounts, and financial services that purportedly enabled certain third-party entities to engage in an alleged unlawful business venture and financial crimes. Based on those allegations, Plaintiff asserts claims under The Trafficking Victims Protection Act of 2000 and various state-law claims. *See* Dkt No. 1.

Barclays is a bank holding company incorporated under the laws of England and Wales, with headquarters in London, England. Barclays has substantial threshold defenses to the Complaint that it intends to raise at the outset, including challenges to service of process, personal jurisdiction, and *forum non conveniens*. Without expanding upon the full merits of those arguments here, Barclays submits that its

threshold defenses present serious questions that, if resolved in Barclays' favor, would dispose of all claims against it without the need for extensive merits briefing.

In its forthcoming motion to dismiss, Barclays intends to assert the following grounds for dismissal: (1) that the process purportedly served upon Barclays was insufficient under Rule 12(b)(5); (2) that the Court lacks personal jurisdiction over Barclays under Rule 12(b)(2); (3) that the Court should dismiss the case under the doctrine of *forum non conveniens*; and (4) that the Complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6).

Because service of process, personal jurisdiction, and *forum non conveniens* are threshold issues that could dispose of Plaintiff's claims against Barclays, Barclays seeks to prioritize and expedite their review to save the parties and the Court from unnecessarily devoting significant resources to the briefing and adjudication of the Complaint's extensive merits issues, which involve seven separate causes of action. Barclays therefore requests that the Court bifurcate the briefing on its motion to dismiss into two phases: the first to address arguments citing Rule 12(b)(2) (jurisdiction), Rule 12(b)(5) (service), and *forum non conveniens*; and the second, only if necessary, to address arguments under Rule 12(b)(6).

## II. ARGUMENT

The Court should exercise its discretion and grant Barclays' *ex parte* application for bifurcation because doing so will streamline the resolution of this matter and conserve the resources of both the Court and the parties.

*First*, bifurcation is warranted because Barclays' threshold defenses are potentially dispositive of all claims against it. If Barclays is successful on any of the three threshold issues, *all* of Plaintiff's claims against Barclays will be dismissed, saving the parties and the Court significant costs and burden. *See, e.g.*, *Back Story, LLC v. Amazon.com Servs., Inc.*, No. 2:24-cv-05733-WLH-PVC, 2025 WL 1012304 (C.D. Cal. Jan. 30, 2025) (dismissing defendant from the action in its entirety for lack of personal jurisdiction without reaching the sufficiency of the plaintiff's claims

against that defendant). Courts regularly recognize the value of resolving such threshold defenses at the outset, at times disposing of claims against a defendant in their entirety without ever reaching the merits of a plaintiff's substantive allegations. *Id.*; *see, e.g.*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999) ("It is hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits.").

*Second*, bifurcation will promote judicial economy and efficiency without prejudicing either party. If the Court were to dispose of the case upon Barclays' initial arguments under Rule 12(b)(2), Rule 12(b)(5), or *forum non conveniens* grounds, then the claims against Barclays would be dismissed without the parties having to expend considerable resources litigating the remaining Rule 12(b)(6) arguments. On the other hand, if the Court did not dispose of the matter upon Barclays' initial briefing, the parties would then brief the Rule 12(b)(6) arguments. In other words, Plaintiff would incur no additional costs or burden defending the merits of her claims under Barclays' proposed bifurcated briefing schedule. Indeed, bifurcation may *accelerate* final resolution if the threshold defenses succeed, sparing both parties and the Court from briefing merits issues entirely. And given that bifurcation will not affect the timing of any further proceedings beyond the motion to dismiss stage, the possibility of prejudice to Plaintiff is minimal.

Courts have recognized the value of procedural mechanisms that promote these efficiency goals. In *In re Apple iPhone Antitrust Litigation*, the Ninth Circuit emphasized that the Federal Rules should be read "in light of the general policy of the Federal Rules of Civil Procedure, expressed in Rule 1," which directs that the Rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." 846 F.3d 313, 318 (9th Cir. 2017) (citing Fed. R. Civ. P. 1). There, the plaintiffs argued that Rule 12(g)(2) barred the defendant from raising a Rule 12(b)(6) argument that it had not included in its previous motions under Rule 12. *Id.* at 316–17.

The district court granted the defendant's motion. *Id.* On appeal, the Ninth Circuit held that Rule 12(g)(2) generally forecloses successive Rule 12(b) motions, but found that any error by the district court in considering the motion on the merits was "harmless[,]" noting the "substantial amount of case law which provides that successive Rule 12(b)(6) motions may be considered where they have not been filed for the purpose of delay, where entertaining the motion would expedite the case, and where the motion would narrow the issues involved." *Id.* at 318–19 (quoting *Doe v. White*, 2010 WL 323510, at *2 (C.D. Ill. Jan. 20, 2010)).

The analysis in *Back Story* reflects the same principle. There, the plaintiff argued that the defendant's Rule 12(b)(6) motion should be denied as untimely because the defendant had already answered an earlier complaint. *See Back Story*, 2025 WL 1012304, at *6. This Court rejected that argument, explaining that "[w]hether the pleadings are challenged under 12(b)(6) or under 12(c), the outcome is the same – both allow a defendant at different procedural moments to challenge the sufficiency of a plaintiff's pleadings." *Id.* Noting that Rule 1 "directs that the Federal Rules 'be construed, administered, and employed by the court and the parties to secure just, speedy, and inexpensive determination of every action and proceeding,'" this Court concluded that requiring the defendant to refile under a different procedural vehicle would "produce unnecessary and costly delays, contrary to the direction of Rule 1." *Id.* at *7. The same reasoning applies here: bifurcated briefing serves the Rules' core purpose of efficient and just resolution.

Critically, unlike the defendant in *Apple*, Barclays has not unilaterally filed multiple piecemeal motions. Instead, Barclays seeks leave—before filing any motion—to bifurcate the *briefing schedule* of its forthcoming omnibus motion to dismiss. This procedure does not implicate Rule 12(g)(2)'s consolidation requirement because Barclays will file a single motion to dismiss; it merely requests that the Court address threshold jurisdictional and procedural defenses before requiring the parties to brief complex merits issues that may never need to be reached.

*See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1392 (3d ed. 2014) ("Since the basic purpose of Rule 12(h)(2) probably is to preserve the defenses, rather than to delimit the precise timing of their assertion, [allowing the enumerated defenses under Rule 12(b) to be raised at other times] seems sound and within the spirit, if not the letter, of the provision.").

*Third*, it is well within the Court's case management power to employ this procedural mechanism. Courts in this Circuit and others exercise discretion to sequence briefing in ways that expedite resolution and narrow issues. *See, e.g.*, *Tremblay v. OpenAI, Inc.*, 742 F. Supp. 3d 1054, 1058 n.4 (N.D. Cal. 2024) ("Ninth Circuit precedent permits the Court to consider a successive motion to dismiss in its discretion."); *Karim P. Najjar, et al. v. Riad Salameh, et al.*, Case No. 24-cv-05043-CPO-EAP, Dkt. Nos. 93, 99 (D.N.J. 2025) (granting requests from defendants to bifurcate motion to dismiss briefing).

## III. CONCLUSION

For the foregoing reasons, Barclays respectfully requests that the Court grant Barclays' *ex parte* application and enter the attached Proposed Order bifurcating briefing on Barclays' forthcoming motion to dismiss.

In the alternative, if the Court determines that briefing should not be bifurcated in the manner proposed, Barclays intends to file two separate motions simultaneously on the deadline the Court sets for Barclays to respond to the Complaint: (1) a motion to dismiss under Rule 12, addressing service of process, personal jurisdiction, and Rule 12(b)(6) arguments; and (2) a separate motion to dismiss for forum non conveniens. Because the forum non conveniens motion is not brought under Rule 12, Barclays respectfully submits that it may be filed as a separate motion without implicating Rule 12(g)(2). The forum non conveniens motion would be accompanied by a supporting brief within the default word limit of 7,000 words. For the Rule 12 motion, Barclays respectfully requests leave under Section G(4) of Judge Hsu's Standing Order for Newly Assigned Civil Cases to file a brief of up to 9,000 words,

given the number of distinct issues—including service of process, personal jurisdiction, and Rule 12(b)(6)—that Barclays would need to address. Barclays consents to Plaintiff receiving a corresponding enlargement to 9,000 words to respond to Barclays' Rule 12 motion.

Dated: August 28, 2026

**KING & SPALDING LLP**

By: */s/ Arwen R. Johnson*
ARWEN R. JOHNSON

Christopher E. Duffy (admitted *pro hac vice*)
*cduffy@kslaw.com*
**KING & SPALDING LLP**
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 556-2100

Attorneys for Defendant
BARCLAYS PLC

## CERTIFICATE OF COMPLIANCE

Pursuant to Civil L.R. 11-6.2, the undersigned counsel of record for Defendant Barclays PLC ("Barclays") certifies that this brief contains 1,689 words, which complies with the word limit of Civil L.R. 11-6.1.

Dated: August 28, 2026

**KING & SPALDING LLP**

By: */s/ Arwen R. Johnson*
ARWEN R. JOHNSON

Christopher E. Duffy (admitted *pro hac vice*)
*cduffy@kslaw.com*
**KING & SPALDING LLP**
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 556-2368

Attorneys for Defendant
BARCLAYS PLC